NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VICTOR MANZANILLO,

               Plaintiff,

           v.

UNITED STATES OF AMERICA,

               Defendant.

Civil Action No. 23-22862 (KMW) (MJS)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court is required to screen Plaintiff's complaint and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

I.    **BACKGROUND**

Plaintiff is a federal prisoner currently confined in USP Canaan. (ECF No. 1 at 1.) In his complaint, Plaintiff contends that he was misclassified back in 2015, resulting in his being placed in a medium security facility in the form of FCI Fairton, rather than the low security facility to which Plaintiff believes he should have been assigned. (*Id.* at 11.) Plaintiff was thereafter attacked by another inmate, who severely injured Plaintiff. (*Id.*) Plaintiff was thereafter transferred to Fort Dix. (*Id.*) Plaintiff contends that the alleged misclassification amounts to negligence, and that his injuries are the direct result of that mistake. (*Id.*) Plaintiff provides very few details about the

attack itself, he does not clearly describe what happened between him and the other inmate, what the inmate did to him, why the inmate did it, or how the attack was proximately related to his classification other than the sheer fact that Plaintiff could have been placed in a different facility. Because the events in question occurred in 2015, at least eight years before this matter was filed, Plaintiff spends the majority of his complaint instead arguing that he should be given equitable tolling for a number of reasons including a PTSD diagnosis and threats by guards in 2015 prior to his transfer. (*Id.* at 1-10.)

## II.   LEGAL STANDARD

Because Plaintiff has paid the applicable filing fees and is a prisoner who seeks redress from the government, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  **DISCUSSION**

In his complaint, Plaintiff asserts that unspecified BOP classification staff were negligent in classifying him to a medium security level, resulting in his placement in FCI Fairton where he was attacked by another inmate.  Plaintiff thus contends that the alleged negligent classification caused his injuries.  Initially, this Court notes that prisoners do not have any right to any specific security classification level or prison placement and a prisoner "may reasonably expect to encounter as a result of his or her conviction" any or all of the security levels maintained by the prison system. *Johnson v. Burris*, 339 F. App'x 129, 130 (3d Cir. 2009) (quoting *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Heaney v. N.J. Dep't of Corr.*, No. 10-3027, 2010 WL 5094429, at * 2 (D.N.J. Dec. 8, 2010).  Thus, even were Plaintiff classified as a low security level, it would not have been beyond expectation that he would have, at times, been transferred into medium security facilities.

3

Seeking to avoid this issue, Plaintiff attempts to frame his claim as one for negligence by the officials who made his security classification determination. In order to make out a common law negligence claim under New Jersey law, which would apply to a claim related to FCI Fairton, a Plaintiff must plead facts showing that the defendants owed him a duty of care, that they breached that duty, that the breach both actually and proximately caused his injuries, and resulting damages. While BOP officials do have a duty to "assure the proper classification" of federal prisoners, *see* 18 U.S.C. § 4081, that duty is subject to considerable discretion on the part of prison officials. *See, e.g., Santana-Rosa v. United States*, 335 F.3d 39, 44-45 (1st Cir. 2003). Although Plaintiff asserts that he was misclassified, he provides no factual context for that assertion, and certainly none which would, if proven, indicate that officials actually breached that duty rather than made a discretionary determination with which Plaintiff disagrees. What's more, although Plaintiff may not have been attacked by an inmate at FCI Fairton but for his transfer to that facility, Plaintiff's complaint makes no attempt to actually proximately connect the attack he suffered to the classification decision. Without contextual alleged facts indicating that the attack was not the result of some other factor – such as a disagreement between Plaintiff and this other inmate – one can hardly say that Plaintiff has adequately pled proximate causation. In the absence of clear breach or proximate cause, Plaintiff's negligence claim fails to state a claim for which relief may be granted, and must be dismissed without prejudice as a result.

Even had Plaintiff pled these facts, however, he would face an additional hurdle. Because the classification of inmates is a discretionary function of the BOP, it is properly subject to the discretionary function exception to Federal Tort Claims Act liability. *See Santana-Rosa*, 335 F.3d at 44-45; *see also Lambert v. United States*, 198 F. App'x 835, 836 (11th Cir. 2006). As such, an FTCA claim asserting that a negligently made classification decision placed an inmate at risk of an assault by another inmate is barred by the exception absent a showing that the BOP did not

4

follow its own procedures in exercising that discretionary function. *Lambert*, 198 F. App'x at 839. As Plaintiff's claims are at best unclear as to whether proper procedures were filed, it is likely his claim would in any event be barred.

Finally, the Court must note that this action is almost certainly time barred. Plaintiff alleges he was attacked some time in 2015, eight years before he filed his complaint. Under the FTCA, a claim "'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such a claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)). Both time constraints, however, are subject to equitable tolling in appropriate circumstances. *Id.* at 420. Equitable tolling is an extraordinary remedy which should be granted "only sparingly." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). A plaintiff seeking such tolling must both show that they were prevented from filing in a timely manner by extraordinary circumstances, and that they exercised due diligence in pursuing and preserving their claim. *Id.* at 197-98.

Even were the Court to assume that Plaintiff's injuries and resulting PTSD, as well as threats made by prison officials amounted to extraordinary circumstances sufficient to warrant tolling, the Court cannot find that he pursued his claims with due diligence. Plaintiff did not file this matter for eight years after the attack in question. Indeed, by Plaintiff's own admission, he was released from prison during that eight years on supervised release, briefly looked for a lawyer, and when he didn't find one, he ceased attempting to file a complaint in this matter until he was back in federal prison. (*See* ECF No. 1 at 8.) In the absence of allegations indicating due diligence, this Court cannot find that tolling is warranted, and Plaintiff's complaint appears to be well and truly time barred.

Plaintiff seeks to avoid this by claiming that his continued harm from the attack in 2015 should render the BOP's alleged negligence a continuing violation. The continuing violation doctrine "is an equitable exception to a strict application of a statute of limitations where the conduct complained of consists of a pattern that has only become cognizable as illegal over time." *Foster v. Morris*, 208 F. App'x 174, 177 (3d Cir. 2006) (citing *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). Under the doctrine, where a violation is part of a continuing pattern of conduct, so long as the last act complained of falls within the limitation period, the court will permit the claim to proceed even where some of the events would otherwise be untimely. *Id.* In order to receive this benefit, however, "a plaintiff must establish that the defendant's conduct is 'more than the occurrence of isolated or sporadic acts.'" *Cowell*, 263 F.3d at 292. Plaintiff's claim, however, presents no continuing course of conduct – it concerns only a single event which occurred in 2015, and the only aspect that continues are Plaintiff's resulting injuries. The continuing violation doctrine is thus clearly not applicable, and Plaintiff's complaint remains apparently time barred. Plaintiff's complaint is dismissed without prejudice on that basis as well. Should Plaintiff seek to file an amended complaint in this matter, he should directly address the time bar issue in doing so.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

6